**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| TRILLER, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BYTEDANCE LTD., and TIKTOK, INC., <br><br> Defendants. | Case No. 6:20cv693 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Triller, Inc. ("Triller") files its Complaint in this patent infringement action against Defendants ByteDance Ltd. and TikTok, Inc. ("Defendants").

**NATURE OF THE CLAIMS**

1. This is an action for patent infringement. Triller alleges that ByteDance and TikTok infringe U.S. Patent No. 9,691,429 titled "Systems and methods for creating music videos synchronized with an audio track" ("the '429 Patent," attached as Exhibit A) (the "Asserted Patent").

2. Triller is the developer and distributor of the innovative Triller social video platform application for iOS and Android. The Triller application is a leading entertainment platform built for creators in the social video community. The Triller application allows its users to create and share their own music video creations; its platform is built around innovative technology and intellectual property that provides users with the ability to create flawless, synchronized videos and to share those videos with other users in just seconds. Triller has invested enormous time and resources building its social platform, and took particular care to

1

protect its intellectual property. Examples of Triller's innovative platform and social video interface are reproduced below:



Source: https://apps.apple.com/us/app/triller-social-video-platform/id994905763.

3.  Triller alleges that ByteDance and TikTok directly and indirectly infringe the Asserted Patent by making, using, offering for sale, selling and importing the popular iOS and Android software application known as "TikTok."



Source: https://apps.apple.com/lc/app/tiktok-make-your-day/id835599320

## THE PARTIES

4.   Plaintiff Triller, Inc. is a Delaware Corporation with offices in Los Angeles at 2121 Avenue of the Stars, Suite 2320, Los Angeles, CA 90067.  Triller is the owner of the '429 Patent.

5.   Defendant ByteDance Ltd. ("ByteDance") is a Chinese multinational internet technology corporation headquartered in Beijing at ByteDance, Ltd., Haidian District, Beijing 100080, with a regular and established place of business in Austin, TX 78205.  ByteDance is the parent corporation and owner of TikTok, Inc.

6.   Defendant TikTok, Inc. ("TikTok") is a California corporation with a regular and established place of business in Austin, TX 78205, and a registered agent for service of process at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 (*See* Exhibit B).

## JURISDICTION AND VENUE

7.   This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 et. seq.  This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8.   Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and § 1400(b) because TikTok and ByteDance have regular and established places of business in this District; have committed acts within this District giving rise to this action; and conducts business in this District, including selling, distributing, using, importing, and/or offering for sale infringing products to TikTok customers in this District.  Upon information and belief, TikTok maintains offices in this District, hires and maintains employees in this District (*See* Exhibit C), including an Office Administrator in Austin, TX (*See* Exhibit D), and conducts business in this District consistent with its substantial physical presence in this District.  For

example, senior executives at TikTok have noted "We have many exciting roles across Ops, Training, Quality, Policy, Data, and more to fill in our Austin office," and "The TikTok Austin Office is growing fast!  Check out these great new jobs to join Rebecca Sawyer in building an amazing team!"  (*See* Exhibit E.)  Also upon information and belief, ByteDance maintains offices in this District, hires and maintains employees in this District (*See* Exhibit F), including an Office Administrator in Austin, TX (*See* Exhibit D), and conducts business in this District consistent with its substantial physical presence in this District.

       9.      TikTok and ByteDance are subject to this Court's specific and general personal jurisdiction pursuant to due process or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) business related to infringing acts as alleged herein; or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District. Within this state, TikTok and ByteDance have used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein.  In addition, TikTok and ByteDance have derived revenues from their infringing acts occurring within the Western District of Texas.  Further, TikTok and ByteDance are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas and the Western District of Texas.  Further, TikTok and ByteDance are subject to the Court's personal jurisdiction at least due to their distribution of products or services within Texas and the Western District of Texas.  TikTok and ByteDance have committed such purposeful acts and transactions in Texas such that they reasonably should know and expect that they could be haled into this Court because of such activity.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,691,429**

10. The allegations of all of the preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

11. On June 27, 2017, the '429 Patent, titled "Systems and methods for creating music videos synchronized with an audio track" duly and legally issued. A true and correct copy of the '429 Patent is attached as Exhibit A.

12. Triller is the owner of the '429 Patent.

13. Pursuant to 35 U.S.C. § 282, the '429 Patent is presumed valid.

14. TikTok and ByteDance make, use, offer for sale, distribute, and/or sell in the United States software products that provide TikTok subscribers with social video platform services to create and distribute music videos. Such software products are available for iOS and Android hand-held or tablet devices and are distributed under the TikTok brand name (the "TikTok app" or "Accused Products"), as shown below:





Source:  https://apps.apple.com/lc/app/tiktok-make-your-day/id835599320 (Exhibit G).

15. The TikTok application is described by Defendant TikTok as follows:

TikTok is THE destination for mobile videos. On TikTok, short-form videos are exciting, spontaneous, and genuine. Whether you're a sports fanatic, a pet enthusiast, or just looking for a laugh, there's something for everyone on TikTok. All you have to do is watch, engage with what you like, skip what you don't, and you'll find an endless stream of short videos that feel personalized just for you. From your morning coffee to your afternoon errands, TikTok has the videos that are guaranteed to make your day.

We make it easy for you to discover and create your own original videos by providing easy-to-use tools to view and capture your daily moments. Take your videos to the next level with special effects, filters, music, and more.

■ Watch endless amount of videos customized specifically for you

A personalized video feed based on what you watch, like, and share. TikTok offers you real, interesting, and fun videos that will make your day.

■ Explore videos, just one scroll away

Watch all types of videos, from Comedy, Gaming, DIY, Food, Sports, Memes, and Pets, to Oddly Satisfying, ASMR, and everything in between.

■ Pause recording multiple times in one video

Pause and resume your video with just a tap. Shoot as many times as you need.

■ Be entertained and inspired by a global community of creators

Millions of creators are on TikTok showcasing their incredible skills and everyday life. Let yourself be inspired.

■ Add your favorite music or sound to your videos for free

Easily edit your videos with millions of free music clips and sounds. We curate music and sound playlists for you with the hottest tracks in every genre, including Hip Hop, Edm, Pop, Rock, Rap, and Country, and the most viral original sounds.

■ Express yourself with creative effects

Unlock tons of filters, effects, and AR objects to take your videos to the next level.

■ Edit your own videos

Source:  https://apps.apple.com/lc/app/tiktok-make-your-day/id835599320 (Exhibit G).

16. Upon information and belief, the TikTok application infringes at least claims 1, 3, 4, 5, 6, and 7 of the '429 Patent in at least the exemplary manner described below.

17. As for claim 1, the TikTok application provides "A method for creating a music video in which a plurality of video takes is synchronized to an audio track," as shown in the screenshots below.



18. As for claim 1, the TikTok application provides for "selecting an audio track" as shown below, which allow for the selection of an audio track via the "sounds" menu.

7



19. As for claim 1, the TikTok application provides for "capturing a plurality of video takes" as shown in the screenshot below, by selecting the red "record" button.



20. The TikTok application further provides for the selection of prior video takes, as shown in the screenshots below, by selecting the "Green Screen Video" effect option.



21. Introduced on or about December 11, 2019 (*See* Exhibit H) The TikTok application "Green Screen Video" effect option allows users to shoot multiple video takes synchronized to an audio track. TikTok describes the feature in a blog post (attached as Exhibit H, *available at* https://newsroom.tiktok.com/en-us/new-green-screen-video-effect-puts-users-at-the-center-of-the-action) as follows:

> Due to the popularity of the Green Screen effect, we recently introduced a new, evolved version of this effect - Green Screen Video. For the first time ever on any mobile video platform, users are able shoot over videos playing in the background. Users can trim up to 60 seconds of a select video from their phone's video album.

(*See* Exhibit H, at 1).

22. As for claim 1, the TikTok application provides for "synchronizing each video

take of the plurality of captured video takes with the selected audio track while each video take of the plurality of video takes is being captured, wherein synchronizing further comprises playing, from a first beginning, the selected audio track at substantially the same time as a second beginning of capturing each video take of the plurality of video takes" through its "Green Screen Video" effect, which permits the user to synchronize each video take with the selected audio track while each video take of the plurality of video takes is being captured. The user screenshots below from TikTok user rhia.official show the synchronized video takes with the selected audio track, as per claim 1:



Source: https://www.tiktok.com/@rhia.official/video/6846437398528691462, https://www.tiktok.com/@rhia.official/video/6827511388198440198

23.     As for claim 1, the TikTok application provides for "wherein synchronizing further comprises playing, from a first beginning, the selected audio track at substantially the

same time as a second beginning of capturing each video take of the plurality of video takes" as instructed in the TikTok "Green Screen Video" tutorial, and shown in the exemplary user content above. (*See also* Exhibit H).

24. As for claim 1, the TikTok application further provides for "creating a music video comprising: the selected audio track; and at least a subset of the plurality of video takes comprising at least two video takes of the plurality of video takes synchronized with the selected audio track," as shown in the example user content below:



Source: https://www.tiktok.com/@rhia.official/video/6846437398528691462

25. As for claim 3, the TikTok application provides for "wherein the plurality of video takes are captured using a user device" such as an iPad or an iPhone.



26. As for claim 4, the TikTok application provides for "[t]he method of claim 3, wherein the user device comprises at least one image capturing component" such as a built-in digital camera.



Source: https://www.apple.com/iphone-11-pro/

27. The exemplary user device (e.g., iPhone 11) product information page shows that the product contains a camera system:



Source: https://www.apple.com/iphone-11-pro/

28. As for claim 5, the TikTok application provides for "extracting portions of each take of the plurality of captured video takes to be used for sections of the selected audio track,

the extracted portions forming the subset of the plurality of video takes" as shown in the following exemplary user content created using the Green Screen Video effect, and consistent with the instructions provided by TikTok (*see* Exhibit H):



Source: https://www.tiktok.com/@rhia.official/video/6846437398528691462

29.     As for claim 6, the TikTok application provides for "wherein the audio track is stored on at least one of: a user device; a music server; and an external device," as shown below:



14

30. For example, the image on the left above shows available audio tracks when the user device is connected to a music server through a network connection; however, the image on the right shows no audio tracks available when the device is not connected to a music server through a network connection (the network connection has has been disabled).

31. As for claim 7, the TikTok application provides for "playing the selected audio track while each video take of the plurality of video takes is captured" as shown below:



32. The highlighted portion of the image above shows progress where the TikTok application "play[s] the selected audio track while each video take of the plurality of video takes is captured." The audio track is played during the capture of video in the TikTok application.

33. ByteDance and TikTok have infringed, and continue to infringe, at least claims 1, 3, 4, 5, 6, and 7 of the '429 Patent in the United States, by making, using, offering for sale, selling and/or importing the Accused Products in violation of 35 U.S.C. § 271(a).

34. ByteDance and TikTok have infringed, and continue to infringe, at least claims 1, 3, 4, 5, 6, and 7 of the '429 Patent in the United States by actively inducing others to use, offer

for sale, and sell the Accused Products. ByteDance and TikTok's users, customers, agents, or other third parties, who use those devices in accordance with TikTok's instructions, infringe claims 1, 3, 4, 5, 6, and 7 of the '429 Patent, in violation of 35 U.S.C. § 271(a). Because TikTok intentionally instructs its customers to infringe through training videos, demonstrations, brochures, and user guides, such as the attached Exhibit H, TikTok is liable for infringement of the '429 Patent under 35 U.S.C. § 271(b).

35. ByteDance and TikTok also have infringed, and continue to infringe, at least claims 1, 3, 4, 5, 6, and 7 of the '429 Patent by offering to commercially distribute, commercially distributing, or importing the Accused Products, which is used in practicing the processes or using the methods of the '429 Patent, and constitutes a material part of the invention. For example, TikTok provides mobile device apps for iOS and Android to its users, who install those apps on their mobile devices, such as smartphones and tablets. A mobile device that has been configured to use TikTok's mobile device app to "creat[e] a music video in which a plurality of video takes is synchronized to an audio track," according to the invention of the '429 Patent, infringes at least claims 1, 3, 4, 5, 6, and 7 of the '429 Patent.

36. ByteDance and TikTok know portions of the Accused Products to be especially made or especially adapted for use in infringement of the '429 Patent, and not to be staple articles, and not to be commodities of commerce suitable for substantial non-infringing use. ByteDance and TikTok are therefore liable for contributory infringement of the '429 Patent under 35 U.S.C. § 271(c).

37. ByteDance and TikTok are on notice of their infringement of the '429 Patent by no later than the filing and service of this Complaint. TikTok also received written notice of its infringement of the '429 Patent on July 27, 2020, when Triller electronically served TikTok with

an infringement notice letter at legal@tiktok.com.

38.     By the time of trial, ByteDance and TikTok will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of at least claims 1, 3, 4, 5, 6, and 7 of the '429 Patent.

39.     Upon information and belief, ByteDance and TikTok have infringed and continue to infringe the '429 Patent through other software versions and device implementations utilizing the same or reasonably similar functionality, including other versions of the Accused Products.

40.     ByteDance and TikTok's acts of direct and indirect infringement have caused and continue to cause damage to Triller.  Triller is therefore entitled to recover damages sustained as a result of TikTok's wrongful acts in an amount that is proven at trial.

41.     ByteDance and TikTok have willfully infringed and continue to willfully infringe the '429 Patent with knowledge of the '429 Patent or were willfully blind to the Patent and the risk of infringement.

42.     ByteDance's and TikTok's infringement of the '429 Patent has caused and continues to cause irreparable harm to Triller.

43.     As a result of the ByteDance's and TikTok's past and ongoing infringement, Triller is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Triller respectfully prays that the Court enter judgment in its favor and against ByteDance and TikTok as follows:

a.      A judgment that ByteDance and TikTok have infringed one or more claims of the '429 Patent literally and/or under the doctrine of equivalents directly and/or indirectly by inducing infringement and/or by contributory infringement;

    b.      An award of damages pursuant to 35 U.S.C. § 284;

    c.      Entry of an injunction against further infringement of the '429 Patent by ByteDance and TikTok;

    d.      A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285;

    e.      An award of reasonable attorneys' fees in this action;

    f.      An award of prejudgment and post-judgment interest on its damages;

    g.      An award of costs; and

    h.      Any such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Triller demands a trial by jury for all issues so triable.

Date: July 29, 2020

/s/ Brian N. Platt w/ permission Wesley Hill
Brian N. Platt (*pro hac vice* to be filed)
Utah State Bar No. 17099
Brent P. Lorimer (*pro hac vice* forthcoming)
Utah State Bar No. 3731
WORKMAN NYDEGGER
60 East South Temple Suite 1000
Salt Lake City, Utah 84111
(801) 533-9800 (main line)
(801) 328-1707 (facsimile)
bplatt@wnlaw.com
blorimer@wnlaw.com


Wesley Hill
Texas Bar No. 24032294
Chad Everingham
Texas Bar No. 00787447
Andrea L. Fair
Texas Bar No. 24078488
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604

(903) 757-6400 (main line)
(903) 757-2323 (facsimile)
wh@wsfirm.com
ce@wsfirm.com
andrea@wsfirm.com

Attorneys for Plaintiff Triller, Inc.